**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-6113**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

HUBERT LEE WASHINGTON, JR.,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:12-cr-00444-RBH-1; 4:14-cv-01654-RBH)

———————

Submitted: May 18, 2016             Decided: May 23, 2016

———————

Before SHEDD, DIAZ, and HARRIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Hubert Lee Washington, Jr., Appellant Pro Se.  Robert Frank Daley, Jr., Assistant United States Attorney, Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hubert Lee Washington, Jr., appeals the district court's text order denying his motion for relief under Fed. R. Civ. P. 60(b)(4) filed in his underlying 28 U.S.C. § 2255 (2012) motion. The district court found that Washington failed to show entitlement to relief under Rule 60(b). To the extent that Washington sought relief under § 2255, however, the district court noted that it did not have jurisdiction to decide the matter as the § 2255 action was successive and he failed to obtain authorization from this court to file a successive action.

We have reviewed the record and conclude that Washington's motion was not a true Rule 60(b) motion, but was, in substance, a successive § 2255 motion. See United States v. McRae, 793 F.3d 392, 399-400 (4th Cir. 2015); see also Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (explaining how to differentiate a true Rule 60(b) motion from an unauthorized successive habeas motion). In the absence of prefiling authorization from this court, the district court lacked jurisdiction to hear Washington's successive § 2255 motion. See 28 U.S.C. § 2244(b)(3) (2012). Additionally, we construe Washington's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain

2

authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Washington's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion and affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED